UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MORRIS, | No. 2:13-cv-0805 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| ELIYA MOGHADDAM, M.D. et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal

1    quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
2    true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
3    pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
4    (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

5         On March 18, 2011, while housed at California State Prison, Sacramento ("CSP-SAC"),
6    plaintiff was provided reconstructive surgery of his left Achilles tendon at U.C. Davis Medical
7    Center.  Plaintiff states that he was to be released to the OHU Medical Unit following surgery, but
8    that because no lower tier cells were available, Dr. Moghaddam[1] cancelled the OHU Medical
9    Unit admission, and stated it was "OK to go back to housing unit."  (ECF No. 1 at 4.)  Plaintiff
10   alleges that defendant Dr. Moghaddam was deliberately indifferent to plaintiff's serious medical
11   needs because the doctor did not ensure that plaintiff was housed in a prison medical hospital
12   following surgery.  Plaintiff contends that defendant Virga intentionally failed to intervene to aid
13   plaintiff in his prescribed medical needs once plaintiff placed defendant Virga on notice of
14   plaintiff's medical concerns, and failed to make certain plaintiff was housed or transferred to a
15   medical center. (ECF No. 1 at 4.)  Plaintiff contends defendant Deems failed to intervene when
16   appropriate medical housing was needed for plaintiff, and was deliberately indifferent to
17   plaintiff's rights to appropriate medical housing.  Finally, plaintiff contends defendant Brown
18   became aware of plaintiff's medical problems when she ruled on plaintiff's administrative
19   grievances, but failed to adequately address plaintiff's problems.  (Id.)  Plaintiff contends he
20   sustained at least two falls and re-injury when he was forced to shower with crutches on slippery
21   floors with no handrails or shower chairs, or to walk across his cell with crutches to the toilet area
22   with no handrails, following surgery to repair his ruptured Achilles tendon as a result of
23   defendants' failure to provide medical housing.
24        Plaintiff seeks monetary damages, as well as injunctive relief in the form of "proper
25   medical diagnostics."  (ECF No. 1 at 10.)  Plaintiff provided numerous exhibits, including copies

---

[1] In the complaint, plaintiff misspelled defendant Dr. Moghaddam's last name.  However, because the medical records appended to the complaint provide the proper spelling, the court uses the correct spelling.  (ECF No. 1 at 32.)

of medical records and administrative grievances.  (ECF No. 1 at 12-53.)  Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ. P. 10(c).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976).)  The two prong test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992).)  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.)  In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health. . . ."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06.)  A complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Even gross negligence is insufficient to establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  A difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs.  Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a[§ ]1983 claim."  Franklin v. Oregon, 662 F.2d 1337, 1344 (9th

4

1  Cir. 1981). To establish that such a difference of opinion amounted to deliberate indifference, the
2  prisoner "must show that the course of treatment the doctors chose was medically unacceptable
3  under the circumstances" and "that they chose this course in conscious disregard of an excessive
4  risk to [the prisoner's] health." See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996); see
5  also Wilhelm v. Rotman, 680 F.3d 1113, 1123 (9th Cir. 2012) (doctor's awareness of need for
6  treatment followed by his unnecessary delay in implementing the prescribed treatment sufficient
7  to plead deliberate indifference); see also Snow v. McDaniel, 681 F.3d 978, 988 (9th Cir. 2012)
8  (decision of non-treating, non-specialist physicians to repeatedly deny recommended surgical
9  treatment may be medically unacceptable under all the circumstances.)

10  Here, plaintiff's claim that he should have been housed in a medical prison is belied by the
11  exhibits provided. See Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998)
12  ("[W]e are not required to accept as true conclusory allegations which are contradicted by
13  documents referred to in the complaint."). Plaintiff concedes that because there were no lower
14  tier cells available in the OHU Medical Unit, Dr. Moghaddam issued revised orders stating that it
15  was "OK" for plaintiff to return to his housing unit, which is confirmed by the doctor's notes
16  from March 18, 2011. (ECF No. 1 at 26.) The fact that the doctor declined to house plaintiff on
17  an upper tier demonstrates concern for plaintiff's condition, not deliberate indifference.
18  Moreover, the General Postoperative instructions demonstrate that the care providers at U.C.
19  Davis anticipated discharging plaintiff to "Home Discharge," not a medical facility. (ECF No. 1
20  at 27.) Also, the "Prison Instructions," dated March 18, 2011, stated plaintiff was to remain non
21  weight bearing on operative leg, to keep the splint in place and dry until plaintiff was seen in the
22  clinic, and that plaintiff was to be provided extra pillows to keep his left leg elevated above the
23  heart level. (ECF No. 1 at 30.) This form advised that "When you return home, you must rest.
24  You may either sit in a chair or in bed with your foot elevated above your heart." (ECF No. 1 at
25  30.) This evidence belies plaintiff's contention that he was required to be housed in a medical
26  prison, or that defendants violated his Eighth Amendment rights by failing to have him housed in
27  a medical prison. Accordingly, plaintiff should not renew this claim in any amended complaint.
28  ////

Similarly, to the extent plaintiff contends he should have been provided an MRI, but was not provided one, such a claim is merely a difference of opinion between plaintiff and his medical professional concerning the appropriate course of treatment, which does not rise to the level of deliberate indifference to serious medical needs.

Nonetheless, plaintiff may be able to state an Eighth Amendment claim against defendant Dr. Moghaddam based on the doctor's failure to write plaintiff a chrono for a shower chair, cane, and lower bunk at the time the doctor revised the orders for plaintiff's release to his housing unit on March 18, 2011. Indeed, the general postoperative discharge instructions state that "[s]howering is possible with commercial plastic protectors found at a medical supply store. Be very careful. The bathroom area is wet and slippery. We recommend that someone be with you, especially when you are taking narcotics." (ECF No. 1 at 28.) Plaintiff provided health care services request forms dated May 5, 2011, July 9, 2011, and July 26, 2011, noting that he had fallen. (ECF Nos. 41, 48-49.) On July 11, 2011, Dr. Moghaddam noted that plaintiff reported "he had an episode of fall when he was not wearing his left ankle brace stabilizer and he felt like he popped something." (ECF No. 1 at 31.) Yet documents provided by plaintiff reflect that Dr. Moghaddam did not write plaintiff's chrono until August 17, 2011 (ECF No. 1 at 34), almost five months after plaintiff's surgery. Thus, plaintiff is granted leave to file an amended complaint as to Dr. Moghaddam.

However, it does not appear that plaintiff can state similar claims against the remaining defendants, because by the time these defendants became aware of plaintiff's falls and his alleged injuries therefrom, defendant Dr. Moghaddam had issued the August 17, 2011 chrono, and instructed plaintiff on fall prevention (ECF No. 1 at 16). Plaintiff's falls pre-dated the August 17, 2011 chrono. (ECF No. 1 at 15, 41, 45, 49, 51, 52.) Moreover, vicarious liability is not applicable in a § 1983 action. Therefore, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1948 (2009). A claim based on the knowledge and acquiescence of another's action is insufficient to state a civil rights claim.

////

6

Further, plaintiff is advised that prisoners have no stand-alone due process rights related to the administrative grievance process. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Put another way, prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Because there is no right to any particular grievance process, plaintiff cannot state a cognizable civil rights claim for a violation of his due process rights based on allegations that prison officials ignored or failed to properly process grievances. See, e.g., Wright v. Shannon, 2010 WL 445203 at *5 (E.D. Cal. Feb.2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Towner v. Knowles, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out his inmate appeals without any basis failed to indicate a deprivation of federal rights).

Finally, plaintiff seeks injunctive relief. However, plaintiff was transferred to Salinas Valley State Prison ("SVSP") prior to filing this action. The court must have personal jurisdiction over the parties to be enjoined; it may not enjoin defendants not yet served or before the court. Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983). The defendants named in this action are employed at CSP-SAC. The Court therefore has no jurisdiction over any other individual, including individuals employed at SVSP. Thus, plaintiff should not renew the request for injunctive relief.

In conclusion, the court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff has failed to comply with the requirements of Fed.

R. Civ. P. 8(a)(2), the complaint must be dismissed. The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. Rizzo v. Goode, 423 U.S. 362, 371 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Id. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal , 129 S. Ct. at 1949 (citing Bell Atlantic Corp., 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 129 S. Ct. at 1949 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an

8

original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

   a. The completed Notice of Amendment; and

   b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: November 22, 2013

/morr0805..14

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE MORRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>ELIYA MOGHADDAM, M.D., et al.,<br><br>        Defendants. | No.  2:13-cv-0805 KJM KJN P<br><br>NOTICE OF AMENDMENT |

   Plaintiff hereby submits the following document in compliance with the court's order filed_____.

DATED:   _____     Amended Complaint

                            _____
                            _____
                            Plaintiff